Lin v. Holder

BIA
Vomacka, IJ
A087 649 585

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fourteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
>      *Circuit Judges.*

_____

HUA LIN,
>      *Petitioner,*

>      v.                                13-196
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:           Michael A.O. Brown, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney General; Allen W. Hausman, Senior Litigation Counsel; Nancy E. Friedman, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hua Lin, a native and citizen of China, seeks review of a January 3, 2013, decision of the BIA affirming the August 5, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Lin*, No. A087 649 585 (B.I.A. Jan. 3, 2013), *aff'g* No. A087 649 585 (Immig. Ct. N.Y. City Aug. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In this case, the BIA did not address the IJ's credibility or timeliness findings, but rejected Lin's claim that she suffered a forced abortion based on her failure to

corroborate.  Under the REAL ID Act, which applies to this case, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, persuasive, and refers to specific facts . . . .  In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C) (incorporating this standard, by reference, in the rules governing withholding of removal).

In support of her claim, Lin submitted a village committee letter and letter from her mother-in-law.  The BIA reasonably discounted the village committee letter, which stated that Lin had been pregnant in violation of the family planning laws and had an abortion.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded to the applicant's evidence lies largely within the discretion of the agency).  Lin's village committee letter was an unsigned photocopy that had not been authenticated, was created for the purpose of the hearing, and did not indicate that her abortion was forced.  The agency has previously found such letters unreliable.  *See*

3

*Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 214-15 (BIA 2010), *rev'd in part on other grounds, Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Although Lin argues that she authenticated her letter by establishing a chain of custody, namely, that the letter was obtained and mailed by her mother-in-law, her mother-in-law's letter did not mention obtaining the village committee letter.

Similarly, Lin could not explain why the village committee would issue such a letter, given she had escaped from their custody, nor could she explain why such a letter would ever be issued in the normal course of events in China. The agency reasonably found implausible that the letter would be issued at all. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).

The agency also reasonably found that the village committee letter, on its face, did not indicate that Lin's abortion was forced. In fact, Lin's background evidence indicates that certificates are not issued for involuntary abortions. *See Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007) (noting that authorities are unaware of abortion certificates for forced abortions).

4

Moreover, the agency reasonably gave diminished weight to the letter from Lin's mother-in-law, which discussed the abortion.  The agency noted that the letter was from an interested witness who was not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency when it declined to give weight to a letter from the applicant's family member who was an "interested witness").

Because Lin was unable to corroborate her claim that she had a forced abortion, she failed to meet her burden of proof.  This was fatal to all her applications because they were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5